580 A.2d 1090

JOYCE KOVNER, PLAINTIFF–RESPONDENT, v. EDWIN BANFIELD, T/A BANFIELD MOVING AND STORAGE CO., INC., DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted September 17, 1990—Decided October 4, 1990.

Before Judges PETRELLA, MUIR and BROCHIN.

*Madden, Holobinko & Gehlhaus,* attorneys for appellant (*Warren E. Hare,* on the brief).

Respondent filed a *pro se* letter.

The opinion of the court was delivered by

BROCHIN, J.A.D.

Defendant Edwin Banfield, trading as Banfield Moving and Storage, is in the residential moving business. Plaintiff Joyce Kovner hired him to move her household belongings from her old residence to her new one. She claims that during the move defendant lost an essential part of a ceiling-to-floor lamp, broke a piece off of a bedroom dresser, and chipped a sculpture. Appearing *pro se*, she sued him in Small Claims Division of Special Civil Part, claiming $450 damages. After a bench trial, the court entered judgment in plaintiff's favor for $250.

Defendant has appealed. He makes the following arguments:

1. The lower court erred by entering judgment in favor of the plaintiff because the burden of proving damages lies with the plaintiff since all terms of the bill of lading are accepted as stated.

2. The lower court erred by entering judgment in favor of the plaintiff because the judge committed a plain error by conducting the trial in an atmosphere giving the appearance that he assumed the role of advocate for plaintiff.

Plaintiff has taken no part in the appeal except to write us a letter in which she argues that "to allow this appeal would be subverting the whole small claims procedure which allows an

individual claimant who has been injured to make a claim without the cost of engaging an attorney and also get a speedy resolution of the claim."

In support of his first argument on appeal, defendant asserts that plaintiff has the burden of proving her mover's negligence and that she failed to sustain that burden because "[b]y signing the Bill of Lading, the Plaintiff released the Defendant from any liability, other than the damages listed, thereby asserting that her property was in good condition upon delivery."

We disagree. The language of the bill of lading to which defendant refers is apparently the statement, printed above plaintiff's signature, which says, "[s]ervices shown herein were rendered and shipment was received in good condition except as noted." The bill of lading has the handwritten notations, "[p]iece of a dresser off[;] chip in sculpture;" and "dresser has 2 pieces that came off[;] chip came off sculpture". The bill of lading does not mention damage to the lamp, but Mr. Banfield testified, "[i]t was somewhere between the residences and the truck that piece [of the lamp] fell off. How? I cannot say how it fell off, but it was missing." In the light of this evidence, the trial court could properly determine that the printed notation on the bill of lading was not conclusive proof that "shipment was received in good condition...."

As a public mover, defendant is subject to *N.J.S.A.* 45:14D-1 and following, the "Public Movers and Warehousemen Licensing Act." Among the regulations promulgated pursuant to that Act is *N.J.A.C.* 13:44D-4.10. Without stating expressly the forum to which it applies, that regulation declares that "[t]he public mover or warehouseman shall be liable for physical loss, destruction or damage to any articles of the shipper during transit or storage" unless the mover or warehouseman proves "to the satisfaction of the *Board*...." that he is entitled to one of the grounds of exoneration stated in the regulation. (Emphasis added.) Neither the regulations nor the authorizing statute provides for an administrative proceeding

before the Board of Public Movers and Warehousemen in which a shipper can establish damages and obtain a judgment against a negligent mover. The authorizing statute does, however, contemplate actions by shippers in court to collect damages for movers' negligence. In fact, it provides for the award of treble damages and a reasonable attorney's fee to a claimant injured by a mover's failure to render "safe, proper and adequate service...." *N.J.S.A.* 45:14D–11; *N.J.S.A.* 45:14D–24. Construing the regulations in the light of this authorizing statute, we hold that, despite the regulation's reference to the "Board," the burden-shifting decreed by *N.J.A.C.* 13:44D–4.10 is applicable to a court proceeding and, in the circumstances of this case, required the mover to carry the burden of disproving negligence.

We also reject defendant's contention that the trial court committed plain error by making "his finding of fact and holding prior to cross-examination of the Plaintiff, let alone, the Defendant's case." When plaintiff had completed her direct examination, the trial judge suggested, "suppose we hear from the movers." Before the defendant could cross-examine or present his case, plaintiff interrupted to add one further statement. When she had finished, the judge momentarily forgot that the trial had not yet been completed and he started to make an award of damages in plaintiff's favor. The court clerk interrupted him and called to his attention that plaintiff was subject to cross-examination and defendant had not yet testified. The judge corrected himself and the case proceeded. Defendant did not move for a mistrial, presumably because he did not consider that he had been prejudiced. In our view, the court's momentary lapse was not "clearly capable of producing an unjust result," *R.* 2:10–2, and we therefore decline to hold that it requires us to reverse the judgment appealed from.

Defendant introduced plaintiff's statement of loss into evidence. It showed that plaintiff had purchased the lamp in 1987 for $79 and the sculpture in 1985 for $150. In the statement of loss, she claimed that she had to replace the lamp

and that the entire value of the sculpture had been destroyed. Plaintiff was apparently satisfied with defendant's repair of her bedroom dresser. No testimony was offered to show the replacement cost or present value of the lamp and the sculpture. The sum of their purchase prices, however, amounted to $229. It was not reversible error for the trial judge to conclude that plaintiff was entitled to the present replacement cost of these household articles and that that cost was at least $21 more than she had paid for them several years earlier. *Cf. Lane v. Oil Delivery, Inc.*, 216 *N.J.Super.* 413, 419–420, 524 *A.*2d 405 (App.Div.1987).

We therefore affirm.